GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
RABO AGRIFINANCE LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JASON ANTHONY BRYSON,<br><br>Debtor. | Case No. 24-25058<br>Chapter 7 |
| RABO AGRIFINANCE LLC,<br><br>Plaintiff,<br><br>v.<br><br>JASON ANTHONY BRYSON,<br><br>Defendant. | Adv. Case No. _____<br><br>**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE** |

Creditor RABO AGRIFINANCE LLC ("RAF"), through counsel, for its complaint objecting to JASON ANTHONY BRYSON's ("Debtor") discharge alleges the following:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1334(b) in that this is a civil proceeding arising in a parent bankruptcy case.

2. Venue is proper pursuant to 28 U.S.C. § 1409(a) in that this adversary proceeding arises in a parent bankruptcy case pending in this judicial district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) in that this is a

proceeding objecting to the Debtor's discharge.

## **GENERAL ALLEGATIONS**

**A.     The State Court Case**

4.     On or about May 18, 2022, RAF commenced Yolo County Superior Court Case No. CV2022-0785 ("State Court Case") against the Debtor, and related entities, to collect the unpaid and delinquent balance of loans extended by RAF to Bryson Farms, Inc. ("Borrower"), and guaranteed by the Debtor as the owner.

5.     The Debtor was in the farming business and had been farming since at least 1995. The loan issued by RAF was to assist the Borrower (and the Debtor) with farming operations.

*i.     The Examination*

6.     During the pendency of the State Court Case, on or about September 6, 2022, RAF filed an application for a right to attach order and for writ of attachment, which the Debtor strongly opposed. After numerous filings, having to address various arguments made by the defendants (including claims that there were two separate Bryson Farms, Inc.), and having to file a subsequent attachment application, the state court granted RAF's request on December 14, 2022.

7.     Following the state court's order granting RAF's application, RAF sought to conduct pre-judgment debtor's examinations of, among others, the Debtor. The examination occurred on January 12, 2023.

8.     When answering questions under oath, the Debtor repeatedly claimed ignorance with respect to his community property interests, including in Etta James Farming, LLC ("Etta James"), due to his spouse, Megan Cearly ("Spouse"), allegedly being in control of the financial affairs of their assets and business dealings. Despite being requested, the Debtor failed to produce deposit account statements for any accounts in the name of his Spouse or Etta James, claimed he had no deposit accounts in his name, and had to ask his Spouse for money whenever he needed money, including for such trivial expenses as eating at a fast food restaurant.

9.     The Debtor claimed that he did not have access to any deposit accounts for the Spouse and had no ability to obtain any statements.

10.     The Debtor stated he contributed nothing to the household. He stated he had a cell

1 phone but it was the Spouse's that "she let [him] use…."

2     11.     Etta James is a farming company that was formed, in February 2019, just prior to the Borrower and the Debtor defaulting on the loan from RAF. Etta James was in the business of rice farming, but the Debtor could not explain any of Etta James' operations, including where it farmed, whether it owned land, or who it sells rice to. He stated simply that he did not work for the company and did not go out and harvest the rice for the company.

    12.     Despite decades of experience farming and farming rice previously, the Debtor claimed he quit farming, was unemployed, had not worked since the closure of the Borrower, and did not work for Etta James. Remarkably, he stated his Spouse started farming for the first time when she first started Etta James.

    13.     The Debtor further testified that approximately a year prior to the examination, the Spouse purchased their residence located at 2201 Banks Drive, Woodland, CA ("Subject Property"). He stated that he did not purchase the property and that he had no ownership interest in the property. He repeatedly claimed that he knew nothing about how the Subject Property was acquired, what the bills were, if there was a mortgage, and who paid the mortgage.

    14.     Later during the examination, the Debtor acknowledged that the Subject Property was purchased from proceeds of a home that he acquired prior to marriage and simply gave to the Spouse for no consideration.

    15.     The Debtor's testimony was not truthful on numerous material issues and was meant to hinder RAF's efforts to collect against the Debtor and the Spouse. The Debtor did in fact have ties to Etta James, assisted with obtaining certifications for the company, and was listed as the lead contact for the company. Moreover, the Secretary of State lists the principal address for Etta James as 42257 5th Street, Knights Landing, CA 95645 ("Knights Landing Property") and RAF discovered that the utilities were and have been in the name of the Debtor.

    *ii.*     ***The Debtor Absconds***

    16.     Following the examination of the Debtor, the Debtor unbeknownst to RAF immediately listed the Subject Property for sale and sold it within three weeks of being listed. The Subject Property was listed on April 24, 2023, had a sale pending on May 2, 2023, and sold on May

1　10, 2023 for $825,000.

2　　　　17.　　After the sale, the Debtor stopped participating in the State Court Case and RAF could no longer locate the Debtor.

4　　　　18.　　On September 28, 2023, a judgment was entered against the Debtor and in favor of RAF which was amended to add attorney's fees and costs. The amended judgment was in the aggregate amount of $1,030,173.02.

7　　　　19.　　Following the judgment, RAF attempted to serve the Debtor with an order for examination. After significant investigation, RAF was able to serve the Debtor at the Knights Landing Property – the principal address for Etta James – in August of 2024.

**B.　　The Divorce Proceeding**

　　　　20.　　Immediately after entry of the judgment in the State Court Case, on or about October 19, 2023, a Petition for Dissolution of Marriage was filed between the Spouse and the Debtor in the Superior Court of California, County of Yolo, case number FL2023-1302 ("Divorce Proceeding").

　　　　21.　　On December 9, 2024, after the commencement of this bankruptcy case, a judgment was entered in the Divorce Proceeding based upon a Marital Settlement Agreement, dated October 29, 2024 ("MSA"). The MSA provides, among other things, that the farming business called "Etta James Farming LLC" and all of its assets and debts be awarded to the Spouse, all the Spouse's financial accounts and retirement accounts were hers, and that joint accounts be divided and closed.

　　　　22.　　It is unclear what joint accounts existed and in what amounts. Likewise, it is unclear what financial accounts the Spouse had and was authorized to keep.

**C.　　The Bankruptcy Proceeding**

　　　　23.　　On or about November 7, 2024, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. Nikki B. Farris is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

　　　　24.　　The Debtor's Schedule A/B identifies no deposit accounts (neither the Debtor's, the Spouse's or any joint accounts). The Debtor's Schedule A/B further reflects that he has a 0% ownership interest in Etta James along with its assets, which include the Knights Landing Property, other assets worth nearly $300,000, and deposit accounts at Travis Credit Union.

25. The sale of the Subject Property is not identified in the Debtor's Statement of Financial Affairs.

26. At his 341 meeting of creditors, the Debtor claimed that the Subject Property was the Spouse's property, but acknowledged that the purchase of the Subject Property could be traced from proceeds of real property he owned prior to his marriage. He further claimed he had no knowledge of the sale price of the property, the net proceeds, and what occurred with the net proceeds. No information has been provided about the sale of the Subject Property.

## FIRST CLAIM FOR RELIEF

## 11 U.S.C. § 727(a)(2)

27. RAF re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. The Debtor with intent to either hinder, delay or defraud creditors (and in particular RAF), transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, property of the Debtor within one year before the filing of the petition. In fact, the Debtor has been engaging in a continuing scheme to transfer and conceal assets from RAF. First, the Debtor transferred real property, that was his separate property, to his Spouse for no consideration in an effort to get the property out of the reach of creditors. Then, the real property was sold, the Spouse ultimately acquired the Subject Property, and the Debtor claimed ignorance about every aspect of the Subject Property. The Debtor knew nothing about how the Subject Property was acquired, what the bills were, and if there was a mortgage.

29. In furtherance of the scheme to hinder, delay or defraud creditors, the Spouse continues to claim ignorance with respect to the Subject Property. The Debtor failed to disclose the sale of the Subject Property in this case, which was sold under suspicious circumstances after being examined by RAF, and claimed ignorance about any proceeds from the sale and what was done with the proceeds.

30. Similar to his testimony at the examination by RAF, the Debtor also continues to claim he has a 0% ownership interest in Etta James. In truth, the Debtor was assisting Etta James and was the only person with experience to assist with the development of the farming business.

1 Moreover, the Debtor was served with process in August of 2024 at the principal address for Etta
2 James despite previously claiming ignorance about where Etta James operated, and utilities were in
3 his name.

4　　31.　　The Debtor has been attempting to protect the Spouse and their assets from creditors.
5 In the ultimate effort to do so, immediately after the judgment was entered in favor of RAF, the
6 Debtor and the Spouse commenced the Divorce Proceeding and the Debtor transferred his assets to
7 the Spouse. Notably, the Debtor does not know all of the assets that were transferred. Indeed, the
8 Debtor does not identify any interest in any deposit accounts or money held in deposit accounts.
9 RAF believes that the Divorce Proceeding is a sham proceeding.

10　　32.　　Based on the foregoing, RAF seeks a judgment denying the Debtor's discharge
11 pursuant to 11 U.S.C. § 727(a)(2).

**SECOND CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(3)**

14　　33.　　RAF re-alleges and incorporates by reference paragraphs 1 through 32 of this
15 Complaint as though fully set forth herein.

16　　34.　　The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or
17 preserve any recorded information, including books, documents, records, and papers, from which
18 the debtor's financial condition or business transactions might be ascertained. Among other things,
19 the Debtor has not produced or provided any information related to the sale of the Subject Property
20 and its proceeds. The Debtor has also not provided information and documentation related to how
21 the MSA was negotiated and the basis for the MSA. No deposit accounts have been disclosed.

22　　35.　　Based on the foregoing, the Trustee is entitled to a judgment denying the Debtor's
23 discharge pursuant to 11 U.S.C. § 727(a)(3).

**THIRD CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(4)**

26　　36.　　RAF re-alleges and incorporates by reference paragraphs 1 through 35 of this
27 Complaint as though fully set forth herein.

28　　37.　　The debtor knowingly and fraudulently, in or in connection with the case, made a

1 false oath or account. The Debtor failed to disclose the transfer of the Subject Property in his
2 Statement of Financial Affairs, has not provided information related to the sale, and has not
3 disclosed what happened with the proceeds. Similarly, no deposit accounts have been identified
4 despite financial accounts being referenced in the MSA, and continues to claim a 0% interest in Etta
5 James.

6       38. Based on the foregoing, the Trustee is entitled to a judgment denying the Debtor's
7 discharge pursuant to 11 U.S.C. § 727(a)(4).

8       **WHEREFORE,** RAF prays that the Court issue an order:

9       1. Denying the Debtor's discharge pursuant to 11 U.S.C. § 727.

10       2. For such other and further relief as the Bankruptcy Court deems necessary and
11 proper.

12 DATED: February 14, 2025       KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorneys for Creditor,
RABO AGRIFINANCE LLC

4915-6852-1242.1 014358.003     7
COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE