**3**

GABRIEL P. HERRERA, State Bar No. 287093
gherrera@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
RABO AGRIFINANCE LLC

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JASON ANTHONY BRYSON,<br><br>    Debtor. | Case No. 24-25058<br>Chapter 7 |
| RABO AGRIFINANCE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JASON ANTHONY BRYSON,<br><br>    Defendant. | Adv. Proceeding Case No. 25-02022<br><br>DCN: KMT-1<br><br>**DECLARATION OF GABRIEL P. HERRERA IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY**<br><br>Judge:  Christopher D. Jaime<br>Date:   September 23, 2025<br>Time:  11:00 a.m.<br>Dept.:  B, Crtrm 32, 6th Floor<br>        501 I Street<br>        Sacramento, CA 95814 |

I, Gabriel P. Herrera, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an equity shareholder of Kronick, Moskovitz, Tiedemann & Girard ("KMTG"), attorneys of record for Plaintiff Rabo AgriFinance LLC ("Rabo"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. On January 26, 2025, this Court entered on the docket (Dkt. 20) an Order Granting Application for Order of Examination Under FRBP 2004(a) regarding Megan Cearley.

4897-5180-6304.1 014358.003     1

3. On January 31, 2025, Rabo provided Notice of the Entry of the Order Compelling the Examination of Megan Cearley Under FRBP 2004(a).

4. On May 20, 2025, Cearley was personally served the Subpoena for Rule 2004 Examination, including a demand for documents, scheduled for June 19, 2025 at 10:00 a.m. A true and correct copy of the Proof of Service ("POS") is attached herewith as **Exhibit 1**.

5. On June 13, 2025, Cearley emailed KMTG with objections to the taking of the deposition and production of the demanded documents. A true and correct copy of the Cearley's Objections that I received on June 13, 2025, is attached herewith as **Exhibit 2**.

6. On June 16, 2025, in an email, I requested to meet and confer with Cearley to discuss the issues raised in her objections and to set up a time for the deposition. A true and correct copy of this email is attached herewith as **Exhibit 3**.

7. On June 29, 2025, having received no response, I followed up with Cearley to meet and confer, reminding her of the potential to seek an order to compel. A true and correct copy of this email is attached herewith as **Exhibit 4**.

8. On July 8, 2025, Cearley was personally served with a Deposition Subpoena under FRCP 45, including a demand to produce documents, scheduled for July 25, 2025 at 10:00 a.m. The Notice of Taking In-Person Deposition of Megan Cearley and Request for Production of Documents ("July Deposition Notice") included the requirements of (i) through (iv) in subsection (a)(1)(A) of FRCP 45. A true and correct copy of the July Deposition Notice and POS is attached herewith as **Exhibit 5**.

9. On July 23, 2025, Cearley again emailed KMTG with objections to the taking of the deposition and production of the demanded documents. These objections were identical to the previous objections, except the date of the deposition was changed. A true and correct copy of the Cearley Objections that I received on July 23, 2025 is attached herewith as **Exhibit 6**.

10. On July 30, 2025, I responded to Cearley with the following email, a true and correct copy of which is attached herewith as **Exhibit 7**:

> Ms. Cearley, The objection appears to be a rehashing of your last objection. This subpoena relates to the adversary proceeding in which it is alleged that assets were hidden and not

disclosed. Moreover, this subpoena was an effort to provide you additional time to appear at a deposition. There is no 30 day requirement for such a subpoena. Moreover, each of the documents requested relates specifically to the bankruptcy case and the adversary proceeding, and are reasonably likely to lead to the discovery of admissible evidence. As such, the objections to the document requests are also without merit. Finally, it is unclear what is meant by Mr. Bryson withdrawing his bankruptcy petition. I reached out to Mr. Bryson and have received no response. If he stipulates to the discharge issues, then it is very unlikely that the deposition is needed. However, he has made no such representation.

Given the multiple meet and confer efforts simply to have you appear for a deposition, please let me know no later than **August 1, 2025** as to dates you are available for a deposition. If no response is provided, we will have to seek court intervention.

11. Having received no response by the date of this filing, I proceeded with the present Motion to Compel Cearley's deposition and production of the documents demanded.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of August, 2025, at Sacramento California.

_____
GABRIEL P. HERRERA