**70**

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Creditor,
RABO AGRIFINANCE LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 24-25058 |
| | Chapter 7 |
| JASON ANTHONY BRYSON, | |
| Debtor. | |
| RABO AGRIFINANCE LLC, | Adv. Proceeding Case No. 25-02022 |
| Plaintiff, | DCN: KMT-1 |
| v. | **SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY** |
| JASON ANTHONY BRYSON, | |
| Defendant. | Judge: Christopher D. Jaime |
| | Date: September 23, 2025 |
| | Time: 11:00 a.m. |
| | Dept.: B, Crtrm 32, 6th Floor |
| | 501 I Street |
| | Sacramento, CA 95814 |

RABO AGRIFINANCE LLS ("Rabo"), in its capacity as a Creditor in the above referenced bankruptcy estate of JASON ANTHONY BRYSON ("Debtor"), hereby submits this separate statement in support of its motion for an order compelling non-party witness MEGAN CEARLEY ("Cearley") to attend her deposition and produce the documents identified in the subpoena, under the Federal Rule of Civil Procedure ("FRCP") 45, made applicable by Federal Rule of Bankruptcy Procedure ("FRBP") 9016. This Separate Statement is required under Local Rule 9014-2(a) because

the motion to compel involves the adequacy of a discovery request. Because Cearley did not attend the deposition, no separate statement is required for the taking of her testimony. This separate statement addresses only the 34 demands for production.

**DEMAND FOR PRODUCTION NO. 1:**

All monthly account statements for any deposit accounts, money market accounts and cash equivalent accounts in YOUR name or for which YOU are a signatory for the past four years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 1:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 1:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP § 2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

/ / /

**Withdrawal of Bankruptcy Petition.**  The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care.**  The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 1 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding.  Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).  "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  The party objecting to a request for production must show

1  specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

2  2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

3  specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P.

4  34(b)(2)(C).

5  **DEMAND FOR PRODUCTION NO. 2:**

6  All monthly account statements for any deposit accounts, money market accounts and cash

7  equivalent accounts in the name of an entity for which YOU are more than a 30% owner for the past

8  four years.

9  **RESPONSE TO DEMAND FOR PRODUCTION NO. 2:**

10  None.

11  **OBJECTION TO DEMAND FOR PRODUCTION NO. 2:**

12  The document request includes only accounts of the deponent and/ or accounts in which she

13  is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and**

14  **financial condition of the debtor'** All of the requested documents are subject to the following

15  objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably

16  calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40

17  CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to

18  the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

19  **Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted

20  annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or

21  request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court

22  (1978) 20 C3d 844, 860.

23  **Unreasonably cumulative or undue burden and expense.** The discovery sought creates

24  an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is

25  unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

26  **Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v

27  Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain

28  evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the

1    deponent would assert the right to not testify under the Fifth Amendment.

2        **Withdrawal of Bankruptcy Petition.**  The deponent is informed by the Debtor that has or

3    will withdraw his Petition for Bankruptcy.

4        **Deponent is under Doctor's care**. The deponent suffers from severe depression and

5    anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6    to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7    her unfit to provide testimony in the present matter.

8    <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 2**</u>

9    <u>**SHOULD BE COMPELLED**</u>:

10       The documents demanded specifically concern account statements, utility billing statements,

11   documents concerning real and personal property owned by Cearley, security instruments owned by

12   Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document

13   demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14   Proceeding.  Fed R. Civ. P. 26(b)(1).

15       The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16   any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).

17   "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18   to lead to the discovery of admissible evidence."  *Id*.  As the Supreme Court reiterated in

19   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20   encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21   on, any issue that is or may be in the case."  437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22   495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23       "Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24   PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25   *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

26   Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27   irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-

28   0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN
CEARLEY

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**<u>DEMAND FOR PRODUCTION NO. 3</u>:**

All monthly credit card statements and corresponding payment records for any credit card in YOUR name for the past four years.

**<u>RESPONSE TO DEMAND FOR PRODUCTION NO. 3</u>:**

None.

**<u>OBJECTION TO DEMAND FOR PRODUCTION NO. 3</u>:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the

1    deponent would assert the right to not testify under the Fifth Amendment.

2        **Withdrawal of Bankruptcy Petition.**  The deponent is informed by the Debtor that has or

3    will withdraw his Petition for Bankruptcy.

4        **Deponent is under Doctor's care**.  The deponent suffers from severe depression and

5    anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6    to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7    her unfit to provide testimony in the present matter.

8    <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 3**</u>

9    <u>**SHOULD BE COMPELLED**</u>:

10        The documents demanded specifically concern account statements, utility billing statements,

11    documents concerning real and personal property owned by Cearley, security instruments owned by

12    Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document

13    demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14    Proceeding.  Fed R. Civ. P. 26(b)(1).

15        The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16    any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).

17    "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18    to lead to the discovery of admissible evidence."  *Id*.  As the Supreme Court reiterated in

19    *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20    encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21    on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22    495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23        "Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24    PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25    *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

26    Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27    irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-

28    0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 4:**

All monthly credit card statements and corresponding payment records for any credit card in the name of an entity for which YOU are more than a 30% owner for the past four years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 4:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 4:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the

deponent would assert the right to not testify under the Fifth Amendment.

 **Withdrawal of Bankruptcy Petition.**  The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

 **Deponent is under Doctor's care**.  The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 4 SHOULD BE COMPELLED:

 The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding.  Fed R. Civ. P. 26(b)(1).

 The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

 "Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 5:**

All electricity, natural gas, and water utility billing statements for each residence YOU have lived at for the past year.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 5:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 5:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

1  would assert the right to not testify under the Fifth Amendment.

2  **Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or

3  will withdraw his Petition for Bankruptcy.

4  **Deponent is under Doctor's care**. The deponent suffers from severe depression and

5  anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6  to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7  her unfit to provide testimony in the present matter.

8  <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 5**</u>

9  <u>**SHOULD BE COMPELLED:**</u>

10  The documents demanded specifically concern account statements, utility billing statements,

11  documents concerning real and personal property owned by Cearley, security instruments owned by

12  Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

13  demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14  Proceeding. Fed R. Civ. P. 26(b)(1).

15  The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16  any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

17  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18  to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

19  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20  encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21  on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22  495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23  "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24  PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25  *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

26  Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27  irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

28  0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

2011 WL 999549, at \*4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P.

34(b)(2)(C).

**<u>DEMAND FOR PRODUCTION NO. 6</u>:**

      All DOCUMENTS evidencing any loans made by YOU, including promissory notes and

security agreements

**<u>RESPONSE TO DEMAND FOR PRODUCTION NO. 6</u>:**

      None.

**<u>OBJECTION TO DEMAND FOR PRODUCTION NO. 6</u>:**

      The document request includes only accounts of the deponent and/ or accounts in which she

is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and**

**financial condition of the debtor'** All of the requested documents are subject to the following

objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably

calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40

CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to

the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

      **Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted

annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or

request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court

(1978) 20 C3d 844, 860.

      **Unreasonably cumulative or undue burden and expense.** The discovery sought creates

an undue "burden." See CCP §§2017.020{a}, 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is

unreasonably cumulative or duplicative." CCP §2019.030{a}{1}.

      **Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v

Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence

that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN
CEARLEY

1   would assert the right to not testify under the Fifth Amendment.

2          **Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or

3   will withdraw his Petition for Bankruptcy.

4          **Deponent is under Doctor's care**. The deponent suffers from severe depression and

5   anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6   to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7   her unfit to provide testimony in the present matter.

8   <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 6**</u>

9   <u>**SHOULD BE COMPELLED**</u>:

10          The documents demanded specifically concern account statements, utility billing statements,

11  documents concerning real and personal property owned by Cearley, security instruments owned by

12  Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

13  demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14  Proceeding. Fed R. Civ. P. 26(b)(1).

15          The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16  any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

17  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18  to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

19  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20  encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21  on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22  495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23          "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24  PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25  *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

26  Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27  irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

28  0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 7:**

All DOCUMENTS evidencing ownership by YOU of any real property, including grant deeds, deeds of trust, promissory notes, and other title documents.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 7:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 7:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a}, 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1}.

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

1  would assert the right to not testify under the Fifth Amendment.

2      **Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or

3  will withdraw his Petition for Bankruptcy.

4      **Deponent is under Doctor's care**. The deponent suffers from severe depression and

5  anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6  to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7  her unfit to provide testimony in the present matter.

8  <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 7**</u>

9  <u>**SHOULD BE COMPELLED:**</u>

10      The documents demanded specifically concern account statements, utility billing statements,

11  documents concerning real and personal property owned by Cearley, security instruments owned by

12  Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

13  demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14  Proceeding. Fed R. Civ. P. 26(b)(1).

15      The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16  any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

17  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18  to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

19  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20  encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21  on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22  495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23      "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24  PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25  *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

26  Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27  irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

28  0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

4939-1240-5346.1 014358.003    15
SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN
CEARLEY

1   677 F.2d 985, 992 (3d Cir. 1982).  The party objecting to a request for production must show

2   specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

3   2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992).  The objecting party must "state with

4   specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P.

5   34(b)(2)(C).

6   **DEMAND FOR PRODUCTION NO. 8:**

7        All DOCUMENTS evidencing any security interests or liens against any real property

8   owned by YOU, including monthly loan and mortgage statements for the last 24 months

9   **RESPONSE TO DEMAND FOR PRODUCTION NO. 8:**

10       None.

11  **OBJECTION TO DEMAND FOR PRODUCTION NO. 8:**

12       The document request includes only accounts of the deponent and/ or accounts in which she

13  is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and**

14  **financial condition of the debtor'** All of the requested documents are subject to the following

15  objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably

16  calculated to lead to the discovery of admissible evidence.  Deaile v General Tel. Co. (1974) 40

17  CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to

18  the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

19       **Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted

20  annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or

21  request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court

22  (1978) 20 C3d 844, 860.

23       **Unreasonably cumulative or undue burden and expense.** The discovery sought creates

24  an undue "burden." See CCP §§2017.020{a}, 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is

25  unreasonably cumulative or duplicative." CCP §2019.030{a}{1}.

26       **Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v

27  Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence

28  that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

1  would assert the right to not testify under the Fifth Amendment.

2      **Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or

3  will withdraw his Petition for Bankruptcy.

4      **Deponent is under Doctor's care**. The deponent suffers from severe depression and

5  anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6  to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7  her unfit to provide testimony in the present matter.

8  <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 8**</u>

9  <u>**SHOULD BE COMPELLED**</u>:

10      The documents demanded specifically concern account statements, utility billing statements,

11  documents concerning real and personal property owned by Cearley, security instruments owned by

12  Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

13  demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14  Proceeding. Fed R. Civ. P. 26(b)(1).

15      The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16  any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

17  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18  to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

19  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20  encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21  on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22  495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23      "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24  PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25  *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th

26  Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27  irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

28  0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*,

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P.

34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 9:**

For the last 24 months, all monthly loan and mortgage statements for any real property

owned by YOU.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 9:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 9:**

The document request includes only accounts of the deponent and/ or accounts in which she

is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and

financial condition of the debtor'** All of the requested documents are subject to the following

objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably

calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40

CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to

the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted

annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or

request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court

(1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates

an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is

unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v

Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence

that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care.** The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 9 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 10:**

For the last twelve months, all DOCUMENTS evidencing any ownership interest YOU may have in any business entities, including corporations, partnerships, joint ventures, sole proprietorships, and limited liability companies

**RESPONSE TO DEMAND FOR PRODUCTION NO. 10:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 10:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

Filed 08/26/25   Case 25-02022   Doc 18

that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 10 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

4939-1240-5346.1 014358.003   21
SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 11:**

All insurance policies held by YOU.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 11:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 11:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

1    would assert the right to not testify under the Fifth Amendment.

2           **Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or

3    will withdraw his Petition for Bankruptcy.

4           **Deponent is under Doctor's care**. The deponent suffers from severe depression and

5    anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6    to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7    her unfit to provide testimony in the present matter.

8    <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 11**</u>

9    <u>**SHOULD BE COMPELLED**</u>:

10          The documents demanded specifically concern account statements, utility billing statements,

11   documents concerning real and personal property owned by Cearley, security instruments owned by

12   Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document

13   demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14   Proceeding.  Fed R. Civ. P. 26(b)(1).

15          The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16   any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).

17   "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18   to lead to the discovery of admissible evidence."  *Id*.  As the Supreme Court reiterated in

19   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20   encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21   on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22   495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23          "Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24   PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25   *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th

26   Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27   irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-

28   0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*,

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN
CEARLEY

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 12:**

All DOCUMENTS evidencing any motor vehicles owned by YOU, including certificates of title and registration certificates

**RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 12:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

1   would assert the right to not testify under the Fifth Amendment.

2      **Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or

3   will withdraw his Petition for Bankruptcy.

4      **Deponent is under Doctor's care**. The deponent suffers from severe depression and

5   anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

6   to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

7   her unfit to provide testimony in the present matter.

8   <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 12**</u>

9   <u>**SHOULD BE COMPELLED**</u>:

10      The documents demanded specifically concern account statements, utility billing statements,

11   documents concerning real and personal property owned by Cearley, security instruments owned by

12   Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

13   demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

14   Proceeding. Fed R. Civ. P. 26(b)(1).

15      The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

16   any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

17   "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

18   to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

19   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

20   encompass any matter that bears on, or that reasonably could lead to other matter that could bear

21   on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

22   495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

23      "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

24   PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

25   *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

26   Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

27   irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

28   0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN
CEARLEY

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 13:**

For the last 24 months, all DOCUMENTS evidencing any stock in publicly held or privately held corporations owned by YOU

**RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 13:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 13 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

1  677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

2  specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

3  2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

4  specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P.

5  34(b)(2)(C).

6  **DEMAND FOR PRODUCTION NO. 14:**

7  For the last 24 months, all DOCUMENTS evidencing any securities held by YOU, including

8  monthly account statements

9  **RESPONSE TO DEMAND FOR PRODUCTION NO. 14:**

10  None.

11  **OBJECTION TO DEMAND FOR PRODUCTION NO. 14:**

12  The document request includes only accounts of the deponent and/ or accounts in which she

13  is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and**

14  **financial condition of the debtor'** All of the requested documents are subject to the following

15  objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably

16  calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40

17  CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to

18  the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

19  **Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted

20  annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or

21  request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court

22  (1978) 20 C3d 844, 860.

23  **Unreasonably cumulative or undue burden and expense.** The discovery sought creates

24  an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is

25  unreasonably cumulative or duplicative." CCP §2019.030{a){1).

26  **Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v

27  Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence

28  that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent

would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 14 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 15:**

summons and complaints for every proceeding in which YOU are a named party.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 15:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 15:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 15 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 16:**

DOCUMENTS evidencing any watercraft, aircraft, motor homes, ATVs or other recreational vehicles owned by YOU, including boats, trailers, fishing vessels, and snowmobiles

**RESPONSE TO DEMAND FOR PRODUCTION NO. 16:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 16:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

1   **Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or
2   will withdraw his Petition for Bankruptcy.

3   **Deponent is under Doctor's care**. The deponent suffers from severe depression and
4   anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications
5   to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make
6   her unfit to provide testimony in the present matter.

7   **REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 16**
8   **SHOULD BE COMPELLED:**

9   The documents demanded specifically concern account statements, utility billing statements,
10  documents concerning real and personal property owned by Cearley, security instruments owned by
11  Cearley, and information concerning Cearley's company, Etta James. Each of them is a document
12  demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary
13  Proceeding. Fed R. Civ. P. 26(b)(1).

14  The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding
15  any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).
16  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated
17  to lead to the discovery of admissible evidence." *Id.* As the Supreme Court reiterated in
18  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to
19  encompass any matter that bears on, or that reasonably could lead to other matter that could bear
20  on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.
21  495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

22  "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-
23  PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);
24  *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th
25  Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and
26  irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-
27  0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*,
28  677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at \*4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 17:**

All DOCUMENTS evidencing any bonds or mutual funds held by YOU.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 17:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 17:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

/ / /

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 17 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 18:**

All DOCUMENTS evidencing any annuities held by YOU or held within the last 24 months.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 18:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 18:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

/ / /

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 18 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 19:**

All DOCUMENTS evidencing any patents, copyrights, trademarks, trade secrets, or other intellectual property owned by YOU in the last 24 months

**RESPONSE TO DEMAND FOR PRODUCTION NO. 19:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 19:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 19 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 20:**

For the real property located at 42257 5th Street, Knights Landing, CA 95645 ("Knights Landing Property"), all monthly utility statements for the past 24 months.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 20:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 20:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care.** The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 20 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at \*4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 21:**

For the Knights Landing Property, all monthly mortgage statements for the past 24 months.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 21:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 21:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

/ / /

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 21 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding.  Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  The party objecting to a request for production must show

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at \*4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 22:**

For the Knights Landing Property, all DOCUMENTS evidencing YOUR interest in the property.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 22:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 22:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 22**
**SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 23:**

For Etta James Farming, LLC ("Etta James"), all DOCUMENTS evidencing the K-1s issued for the last 4 years

**RESPONSE TO DEMAND FOR PRODUCTION NO. 23:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 23:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 23 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992).  The objecting party must "state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 24:**

For Etta James, all monthly deposit account statements for the last 24 months.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 24:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 24:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence.  Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

/ / /

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 24 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding.  Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  The party objecting to a request for production must show

specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 25:**

For Etta James, all DOCUMENTS evidencing any loans entered into in the last 4 years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 25:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 25:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

1  will withdraw his Petition for Bankruptcy.

2      **Deponent is under Doctor's care**. The deponent suffers from severe depression and

3  anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

4  to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

5  her unfit to provide testimony in the present matter.

6  **REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 25**

7  **SHOULD BE COMPELLED:**

8      The documents demanded specifically concern account statements, utility billing statements,

9  documents concerning real and personal property owned by Cearley, security instruments owned by

10  Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

11  demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

12  Proceeding. Fed R. Civ. P. 26(b)(1).

13      The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

14  any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

15  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

16  to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

17  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

18  encompass any matter that bears on, or that reasonably could lead to other matter that could bear

19  on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

20  495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

21      "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

22  PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

23  *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

24  Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

25  irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

26  0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

27  677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

28  specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992).  The objecting party must "state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 26:**

For Etta James, all balance sheets for the last 3 years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 26:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 26:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence.  Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a}, 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1}.

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 26 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 27:**

For Etta James, all asset and liability sheets for the last 3 years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 27:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 27:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

/ / /

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 27 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 28:**

For Etta James, all DOCUMENTS evidencing the assets of the company for the last 3 years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 28:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 28:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence.  Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

/ / /

1        **Deponent is under Doctor's care**. The deponent suffers from severe depression and

2 anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

3 to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

4 her unfit to provide testimony in the present matter.

5 **REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 28**

6 **SHOULD BE COMPELLED**:

7        The documents demanded specifically concern account statements, utility billing statements,

8 documents concerning real and personal property owned by Cearley, security instruments owned by

9 Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

10 demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

11 Proceeding. Fed R. Civ. P. 26(b)(1).

12        The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

13 any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

14 "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

15 to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

16 *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

17 encompass any matter that bears on, or that reasonably could lead to other matter that could bear

18 on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

19 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

20        "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

21 PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

22 *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

23 Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

24 irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

25 0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

26 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

27 specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

28 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN
CEARLEY

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 29:**

For Etta James, all DOCUMENTS evidencing the liabilities of the company for the last 3 years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 29:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 29:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1}.

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

1   **Deponent is under Doctor's care**. The deponent suffers from severe depression and

2   anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

3   to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

4   her unfit to provide testimony in the present matter.

5   <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 29**</u>

6   <u>**SHOULD BE COMPELLED**</u>:

7   The documents demanded specifically concern account statements, utility billing statements,

8   documents concerning real and personal property owned by Cearley, security instruments owned by

9   Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

10  demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

11  Proceeding. Fed R. Civ. P. 26(b)(1).

12  The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

13  any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

14  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

15  to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

16  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

17  encompass any matter that bears on, or that reasonably could lead to other matter that could bear

18  on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

19  495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

20  "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

21  PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

22  *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

23  Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

24  irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

25  0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

26  677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

27  specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

28  2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 30:**

For Etta James, all loan applications submitted in the last 4 years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 30:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 30:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

/ / /

1    **Deponent is under Doctor's care**. The deponent suffers from severe depression and

2    anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

3    to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

4    her unfit to provide testimony in the present matter.

5    <u>**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 30**</u>

6    <u>**SHOULD BE COMPELLED:**</u>

7         The documents demanded specifically concern account statements, utility billing statements,

8    documents concerning real and personal property owned by Cearley, security instruments owned by

9    Cearley, and information concerning Cearley's company, Etta James. Each of them is a document

10   demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

11   Proceeding. Fed R. Civ. P. 26(b)(1).

12        The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

13   any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1).

14   "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

15   to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in

16   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

17   encompass any matter that bears on, or that reasonably could lead to other matter that could bear

18   on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

19   495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

20        "Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

21   PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

22   *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th

23   Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

24   irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-

25   0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*.,

26   677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show

27   specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*,

28   2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons."   Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 31:**

For Etta James, the loan application submitted to the Small Business Administration.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 31:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 31:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence.  Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

/ / /

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

## REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 31 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 32:**

All DOCUMENTS evidencing the sale of the real property generally located at 2201 Banks Drive, Woodland, CA ("Banks Drive Property").

**RESPONSE TO DEMAND FOR PRODUCTION NO. 32:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 32:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1}.

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

1    **Deponent is under Doctor's care**. The deponent suffers from severe depression and

2    anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications

3    to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make

4    her unfit to provide testimony in the present matter.

5    **REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 32**

6    **SHOULD BE COMPELLED:**

7         The documents demanded specifically concern account statements, utility billing statements,

8    documents concerning real and personal property owned by Cearley, security instruments owned by

9    Cearley, and information concerning Cearley's company, Etta James.  Each of them is a document

10   demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary

11   Proceeding.  Fed R. Civ. P. 26(b)(1).

12        The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding

13   any nonprivileged matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).

14   "Relevant information need not be admissible at trial if the discovery appears reasonably calculated

15   to lead to the discovery of admissible evidence."  *Id*.  As the Supreme Court reiterated in

16   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to

17   encompass any matter that bears on, or that reasonably could lead to other matter that could bear

18   on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S.

19   495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

20        "Boilerplate objections do not suffice."  *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-

21   PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C);

22   *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th

23   Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and

24   irrelevant' is not adequate to voice a successful objection."  *Fosselman v. Caropreso*, No. C 09-

25   0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*,

26   677 F.2d 985, 992 (3d Cir. 1982).  The party objecting to a request for production must show

27   specifically that the request is not relevant, overly broad, burdensome, or oppressive.  *Fosselman*,

28   2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992).  The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 33:**

All closing DOCUMENTS related to the sale of the Banks Drive Property.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 33:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 33:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a){1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a){1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

/ / /

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

### REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 33 SHOULD BE COMPELLED:

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

**DEMAND FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing the use of the proceeds from the sale of the Banks Drive Property.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 34:**

None.

**OBJECTION TO DEMAND FOR PRODUCTION NO. 34:**

The document request includes only accounts of the deponent and/ or accounts in which she is a signor. Nothing in the request address the **'acts, conduct, or property or to the liabilities and financial condition of the debtor'** All of the requested documents are subject to the following objections. **Irrelevant.** Not relevant to the subject matter of the action or appear reasonably calculated to lead to the discovery of admissible evidence. Deaile v General Tel. Co. (1974) 40 CA3d 841, 850. **Overbroad.** The requests are framed in a manner that creates an undue burden to the responding party. Romero v Hern (1969) 276 CA2d 787, 794.

**Annoyance, embarrassment, oppression.** The discovery sought creates an "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." CCP §2023.0l0(c) or request disclosure of information that's constitutionally protected. See, e.g., Britt v Superior Court (1978) 20 C3d 844, 860.

**Unreasonably cumulative or undue burden and expense.** The discovery sought creates an undue "burden." See CCP §§2017.020{a), 2019.030{a}{1)-(2), 2023.0l0(c), 2030.090(b) and is unreasonably cumulative or duplicative." CCP §2019.030{a}{1).

**Oppression.** The discovery sought is not related to the case. West Pico Furniture Co. v Superior Court (1961) 56 C2d 407. The requests are broad are designed to attempt to obtain evidence that there is a conspiracy to commit bankruptcy fraud, a criminal offense in which the deponent would assert the right to not testify under the Fifth Amendment.

**Withdrawal of Bankruptcy Petition.** The deponent is informed by the Debtor that has or will withdraw his Petition for Bankruptcy.

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

**Deponent is under Doctor's care**. The deponent suffers from severe depression and anxiety, panic attacks, as well as ADHD and OCD and is currently prescribed multiple medications to control these conditions, including Sertraline, Wellbutrin, Strattera, and Hydroxizine, which make her unfit to provide testimony in the present matter.

**REASON WHY FURTHER RESPONSE TO DEMAND FOR PRODUCTION NO. 34 SHOULD BE COMPELLED:**

The documents demanded specifically concern account statements, utility billing statements, documents concerning real and personal property owned by Cearley, security instruments owned by Cearley, and information concerning Cearley's company, Etta James. Each of them is a document demand concerning a "matter that is relevant to any party's claim or defense" in this Adversary Proceeding. Fed R. Civ. P. 26(b)(1).

The scope of discovery under FRCP 26(b) is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. at 351 (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

"Boilerplate objections do not suffice." *Thomas v. Reyna*, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The objecting party must "state with

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY

1  specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P.

2  34(b)(2)(C).

3

4  DATED:  August 26, 2025         KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   A Professional Corporation

5

6

7  By: _____

8  Gabriel P. Herrera
   Attorneys for Creditor,
   RABO AGRIFINANCE LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4939-1240-5346.1 014358.003

SEPARATE STATEMENT (LR 9014-2) IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MEGAN CEARLEY